# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 17-22680-CMB |
| STONE FOX CAPITAL LLC, | Chapter 11 |
| Debtor. | Related to Doc. No. 58 |
| UNITED STATES TRUSTEE, | |
| Movant, | |
| v. | Related to Doc. No. 48 |
| STONE FOX CAPITAL LLC, | |
| Respondent. | |
| FOREST HIGHLANDS COMMUNITY ASSOCIATION, | |
| Movant, | |
| v. | Related to Doc. No. 53 |
| STONE FOX CAPITAL LLC, | |
| Respondent. | |

## MEMORANDUM OPINION

On September 12, 2017, hearings were held in the above-captioned case with respect to the following matters: (1) the *Motion of the United States Trustee to Dismiss Chapter 11 Case* ("Motion to Dismiss," Doc. No. 48[1]); (2) *Creditor's Motion for Sanctions Pursuant to USCS*

---

[1] All citations are to the docket of the above-captioned case unless otherwise stated.

*Bankruptcy Rule 9011* ("Motion for Sanctions," Doc. No. 53); and (3) this Court's Order dated August 10, 2017 ("August 10th Order," Doc. No. 58), requiring Stone Fox Capital LLC ("Debtor") to appear and show cause why the case should not be dismissed *with prejudice*.[2] Upon consideration of the parties' filings, the record of this case as well as the Debtor's previous case,[3] and the testimony and arguments presented on September 12, 2017, this Court finds for the reasons set forth herein that dismissal of this case with prejudice is appropriate. However, no monetary sanctions will be imposed at this time.

Background

On December 29, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing Case No. 16-24791 (hereinafter, the "2016 Case"). That case, however, was short-lived. On January 17, 2017, the case was dismissed for failure to file required documents. *See* 2016 Case, Doc. No. 11. Despite the dismissal, the Debtor did not remain outside of bankruptcy for very long.

Approximately six months later, on June 30, 2017, the Debtor commenced the above-captioned case, once again seeking Chapter 11 relief. Activity in this case was almost immediate. Not long after the filing, Forest Highlands Community Association ("Forest Highlands") filed *Creditor's Motion for Relief from Stay / to Lift Automatic Stay* ("Motion for Relief from Stay," Doc. No. 15). Therein, Forest Highlands identifies itself as a creditor with a judgment for unpaid community expenses, penalties, interest, and attorney's fees secured by the Debtor's only asset, the real estate located at 3 Shadow Lane, Pittsburgh, Pennsylvania ("Shadow Lane Property").

---

[2]   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

[3]   This Court takes judicial notice of the docket events in this case and the prior case as well as the contents of the Debtor's Schedules and facts which are not reasonably in dispute. *See Symonies v. Sobol* (*In re Sobol*), 545 B.R. 477, 488 (Bankr.M.D.Pa. 2016).

Forest Highlands seeks relief to proceed to a sheriff's sale. The Motion for Relief from Stay is currently scheduled for an evidentiary hearing.

In addition to the pending Motion for Relief from Stay, the docket revealed deficiencies resulting in the issuance of a rule to show cause why the case should not be dismissed with prejudice. *See* Order entered July 17, 2017, Doc. No. 32. At the hearing on July 20, 2017, the Court chose not to dismiss the case, and Debtor was given *another* opportunity to file required documents. At that time, in light of the pending Motion for Relief from Stay, the Court directed the Debtor, Forest Highlands, and their counsel to meet and attempt to resolve the parties' dispute. The parties were further directed to report back to the Court regarding the outcome of their meeting.

Pursuant to the Court's instruction, Forest Highlands filed a report indicating that no settlement had been reached. *See* Doc. No. 51. The report was followed by the filing of the Motion for Sanctions seeking dismissal of the case with prejudice and an award of sanctions. In addition, the United States Trustee filed its Motion to Dismiss. The United States Trustee contends that cause exists for dismissal as Debtor failed to obtain court-approved counsel, current counsel is not "disinterested" as required by the Bankruptcy Code, and Debtor is not authorized to appear *pro se*. Based upon the record, the Court issued the August 10th Order, putting the Debtor on notice of specific items which may result in dismissal with prejudice and the imposition of an injunction on the filing of a new bankruptcy case for a specified period of time. Debtor was further directed to be prepared to present any relevant evidence at the hearing on September 12, 2017.

Notably, the Debtor failed to file responses to either the Motion to Dismiss or the Motion for Sanctions. Accordingly, the United States Trustee, Forest Highlands, and the Court had no indication of the defenses (if any) Debtor would present at the hearing. Although both the United

States Trustee and Forest Highlands sought entry of their proposed orders due to Debtor's failure to timely respond, the Court did not enter orders by default thereby giving the Debtor a full opportunity to appear and respond to the pending motions and the August 10th Order and potentially avoid the severe consequences of dismissal with prejudice and imposition of sanctions.[4] On September 12, 2017, James H. Joseph ("Attorney Joseph") appeared and testified on behalf of the Debtor. No additional testimony or evidence was presented at that time.

### Findings of Fact

Based upon the testimony, the Court understands the Debtor to have been created for the purpose of owning real estate, specifically the Shadow Lane Property, which was to be rehabilitated for a profit. Attorney Joseph, Debtor's sole equity security holder, resides at the property. *See* Doc. No. 30. Although Attorney Joseph commenced renovations, he experienced medical issues which affected the progress of the project. In the meantime, community expenses accrued and Forest Highlands obtained a judgment against Debtor. Thereafter, the Shadow Lane Property was scheduled for sheriff's sale.

On December 29, 2016, Debtor commenced the 2016 Case. The petition was signed by Attorney Joseph as both the manager of the Debtor *and* Debtor's counsel. *See* 2016 Case, Doc. No. 1. The filing of the bankruptcy case stayed the sheriff's sale which was to take place the first week of January 2017. However, Debtor failed to file required documents leading to the dismissal of that case approximately nineteen days after it was filed on January 17, 2017. *See* 2016 Case, Doc. No. 11. A review of the docket reveals that no further efforts were made by Debtor to

---

[4] At the September 12, 2017 hearing, Attorney Joseph contended that he mistakenly believed the rescheduling of matters affected the response deadlines. He also asserted that the Debtor was on the record as objecting to the pending motions. The Court finds these arguments disingenuous as Attorney Joseph is a seasoned practitioner. The scheduling orders set response deadlines. *See* Doc. Nos. 49 and 56. When the Order dated August 8, 2017, was entered rescheduling related matters to the same date and time, the Order plainly provided that "[a]ll previously set response deadlines shall remain the same." *See* Doc. No. 57.

complete the required filings and pursue this case past December 30, 2016. Despite the apparent lack of effort to proceed, Attorney Joseph contends that the dismissal of the 2016 Case was not intentional but rather due to a combination of his personal medical issues and a misunderstanding regarding the applicable deadline to complete the required filings. Although Attorney Joseph testified that he considered seeking reconsideration of the dismissal, he ultimately decided against it. Instead, he chose to wait and see what would happen next with Forest Highlands.

Following dismissal, Forest Highlands resumed its efforts to foreclose on the Shadow Lane Property. A sheriff's sale was rescheduled for July 3, 2017, only to be stayed by the filing of the above-captioned case on June 30, 2017. As in the 2016 Case, Attorney Joseph signed the petition as both the manager of the Debtor *and* Debtor's counsel. *See* Doc. No. 1. In addition to being the sole equity security holder, Attorney Joseph has been identified within the Debtor's filings as a creditor. *See* Doc. Nos. 4 and 30. Although an application to employ Attorney Joseph as counsel for the Debtor has not been filed, Attorney Joseph continues to appear as counsel. Further, he advised that Debtor attempted to find other representation without any success. There is no credible evidence that the Debtor would be successful in finding and retaining counsel in the near future.

Notably, while Attorney Joseph was identified as a creditor on the Debtor's list of creditors holding the twenty largest unsecured claims, Attorney Joseph is absent from Schedule E/F identifying creditors with unsecured claims. *Compare* Doc. No. 4, *with* Doc. No. 37. The Schedule identifies only *one* creditor holding a nonpriority unsecured claim. The unsecured claim of James Bevan Joseph ("James") is characterized as an unliquidated claim related to a personal debt in the amount of $88,000.00. *See* Doc. No. 37. James is the son of Attorney Joseph. Within the filings, the address provided for both Attorney Joseph and James is the Shadow Lane Property; however, according to Attorney Joseph, James actually resides in Charleston, South Carolina.

With respect to the explanation of James' claim, Attorney Joseph's testimony lacked credibility. According to Attorney Joseph, there is no documentation to support the claim. Although Attorney Joseph describes the basis of the claim as part of a complex transaction, the Court understands his testimony to essentially be as follows: Attorney Joseph sold his prior residence; he intended to allocate certain proceeds from that sale among his children; certain proceeds were instead provided to and used by the Debtor to purchase the Shadow Lane Property. Based on the testimony, there is no support for a claim by James in this case; rather, the testimony supports a finding that the Debtor purchased the Shadow Lane Property with funds from the sale of Attorney Joseph's prior residence without ever passing through the hands of James or being designated as his property.[5] Accordingly, no credible support for the unsecured claim of James was provided.

Debtor identified very few additional creditors. Forest Highlands is identified as the only creditor holding a secured claim while the remaining claims are those of taxing bodies. *See* Doc. Nos. 35 and 37. Debtor calculates its liabilities as totaling $196,475.52 consisting of $84,000.00 owed to Forest Highlands, $24,475.52 owed to taxing bodies, and $88,000.00 owed to James. *See* Doc. No. 38. The only assets identified by Debtor are the Shadow Lane Property valued at $223,000.00 and an unliquidated claim against Forest Highlands in the amount of $100,000.00. *See* Doc. No. 25. Debtor has no cash, deposits of money, or revenue. *See* Doc. Nos. 21 and 25.

With respect to the unliquidated claim against Forest Highlands, the claim has been identified as a potential RICO action along with some related state law claims. Although Attorney Joseph contends that there is additional time to file this action, he asserts that the litigation is fairly expensive to pursue. The testimony did not indicate that there was any timetable to file the action

---

[5]  Based upon the testimony, the transaction appears to be more in the nature of an equity contribution by Attorney Joseph.

or that pursuit of the claim is likely. Based upon the testimony, the potential for the estate to realize value from the claim at any point in the near future is questionable at best.

Since its inception, the only creditor to actively participate in this case is Forest Highlands.[6] Although the deadline to file a proof of claim does not expire until December, Forest Highlands filed its proof of claim on July 5, 2017, days after the petition was filed. The proof of claim was amended August 4, 2017, asserting a secured claim in the amount of $135,202.59. *See* Claim No. 1-2. The state court litigation with Forest Highlands is currently on appeal in the Superior Court of Pennsylvania. While Debtor concedes that a debt is owed to Forest Highlands, Debtor disputes the amount owed, specifically with respect to certain penalties imposed. Although Debtor's request for a stay pending appeal was denied in state court,[7] by filing this case, Debtor obtained the benefit of the automatic stay instead.

While Debtor contends the automatic stay should remain in place for the purpose of the sheriff's sale, the Debtor intends to seek partial relief for the purpose of pursuing the appeal. According to Debtor, the outcome of the appeal will determine how, *or if*, this bankruptcy case will proceed. Thus, Debtor seeks to remain in bankruptcy awaiting a decision on the appeal without moving this case forward while at the same time holding creditors, namely Forest Highlands, at bay. Notably, Debtor is not paying property taxes or monthly dues to Forest Highlands and instead relies on the alleged equity in the property as sufficient. In the meantime, Attorney Joseph intends to continue to reside at the Shadow Lane Property at least until his medical appointments in this

---

[6] Several days after the hearing on these matters, the Township of Harmar and County of Allegheny each filed a proof of claim for delinquent real estate taxes. *See* Claim Nos. 2 and 3. Neither of these creditors participated at the hearing on September 12, 2017.

[7] The testimony was not entirely clear on this point; however, it seems the Debtor could have obtained a stay in state court by posting a bond. Although Attorney Joseph indicated that he was unfamiliar with the process, he did not identify the reason for the failure to post a bond.

area cease. While the Debtor's proposed timeline to move this case forward depends wholly on the time it will take to process the appeal, the delay is to the potential detriment to creditors and benefit of Attorney Joseph and the Debtor.

Aside from obtaining the benefit of the stay, the intention of filing the case is unclear and Debtor's path, at this time, is undetermined. At one point during his testimony, Attorney Joseph indicated that a *successful* appeal may result in the dismissal of this case. Specifically, he testified that he and his daughter may simply advance the funds necessary to pay the undisputed amount owed to Forest Highlands and seek dismissal of this case to deal with the taxing bodies outside of bankruptcy.[8] Later in his testimony, Attorney Joseph testified that if the appeal was *unsuccessful*, Debtor may sell the property "out of bankruptcy."[9] Accordingly, Attorney Joseph's testimony indicated that regardless of the outcome of the appeal, Debtor may ultimately dismiss this case. In the event Debtor remains in bankruptcy, it is questionable how Debtor will proceed with respect to the Shadow Lane Property. According to Attorney Joseph, the point is fast approaching when it may not be worth the money to complete renovations. In the event further renovations are deemed appropriate, no credible testimony or evidence was presented regarding reliable funding for such a plan.

In the short time since the filing, the Debtor has been faced with the August 10th Order (the *second* order directing Debtor to show cause why the case should not be dismissed with prejudice), the Motion for Sanctions, and the Motion to Dismiss. Following the evidentiary hearing these matters are now ripe for decision.

---

[8]    *See* Audio Recording of Hearing Held in Courtroom B, September 12, 2017 (3:41:15-3:42:30).

[9]    *See* Audio Recording of Hearing Held in Courtroom B, September 12, 2017 (3:48:35-3:49:10).

Discussion

A Chapter 11 case may be dismissed for cause. With exceptions not relevant here, 11 U.S.C. §1112(b)(1) provides as follows:

> …the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Although a list of items constituting "cause" is provided in §1112(b)(4), the list is non-exclusive. *See In re Commonwealth Renewable Energy, Inc.*, 550 B.R. 279, 283 (Bankr.W.D.Pa. 2016). The United States Trustee contends that cause exists for dismissal in this case as Attorney Joseph is not disinterested and, accordingly, cannot represent the Debtor. Further, the Debtor as a limited liability company cannot appear *pro se*. Thus, without counsel, Debtor cannot remain in bankruptcy.

In this Chapter 11 case, Debtor is acting as a debtor in possession performing the functions and duties of a trustee. *See* 11 U.S.C. §1107(a). With respect to employment of professionals, the analysis begins with 11 U.S.C. §327(a):

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys…that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Accordingly, counsel must be disinterested. Pursuant to 11 U.S.C. §101(14)(A), a disinterested person "is not a creditor, an equity security holder, or an insider[.]" An insider includes a director, officer, or person in control of the debtor. *See* 11 U.S.C. §101(31)(B)(i),(ii), and (iii). Employment of counsel by a bankruptcy estate can only be accomplished by a court order. *See In re Flying Roadrunner, Inc.*, No. 11-22845-JAD, 2015 WL 1344445, at *5 (Bankr.W.D.Pa. March 20, 2015).

Here, even if Debtor had sought court approval to employ Attorney Joseph, approval cannot be granted. Attorney Joseph initially identified himself as a creditor, continues to identify himself as the sole equity security holder, and is clearly an insider. Further, the Debtor cannot appear without representation by licensed counsel. *See Dougherty v. Snyder*, 469 F.App'x 71, 72 (3d Cir. 2012); W.PA.LBR 9010-2(c). Debtor does not attempt to argue that Attorney Joseph is disinterested; rather, Debtor simply contends that it has not been able to retain other counsel. Further, there is no indication that additional time will resolve this issue.

Based upon the foregoing, the Court agrees with the United States Trustee and finds cause exists for dismissal. Although §1112(b)(1) also provides for conversion or appointment of a trustee as alternatives to dismissal, the Court finds it significant that neither the United States Trustee nor any other party has suggested that either conversion or appointment of a trustee is in the best interests of creditors and the estate. Furthermore, as set forth below, alternative grounds for dismissal exist.

In the Motion for Sanctions, Forest Highlands contends that this case was filed for an improper purpose and should be dismissed with prejudice. As set forth in the August 10th Order, a Chapter 11 petition is subject to dismissal unless it was filed in good faith. *See In re 15375 Memorial Corp.*, 589 F.3d 605, 618 (3d Cir. 2009). "Good faith is a predicate to the right to file a petition in bankruptcy…." *See In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 297 (Bankr.D.Del. 2011). The burden is on the Debtor to establish a good faith filing. *Id.* at 298.

In determining whether a petition was filed in good faith, the Court examines the totality of the circumstances, which is a fact-intensive analysis. *See 15375 Memorial Corp.*, 589 F.3d at 618. While there is no exhaustive list of factors which may be applicable to this determination, particularly relevant is whether the petition was filed with a valid bankruptcy purpose or merely

to obtain a tactical litigation advantage. *Id.* 618 and n.8. Additional factors which courts have considered are the following:

> a. Single asset case;
> b. Few unsecured creditors;
> c. No ongoing business or employees;
> d. Petition filed on eve of foreclosure;
> e. Two party dispute which can be resolved in pending state court action;
> f. No cash or income;
> g. No pressure from non-moving creditors;
> h. Previous bankruptcy petition;
> i. Prepetition conduct was improper;
> j. No possibility of reorganization;
> k. Debtor formed immediately prepetition;
> l. Debtor filed solely to create automatic stay; and
> m. Subjective intent of the debtor.

*JER/Jameson*, 461 B.R. at 298-99 (quoting *In re Primestone Inv. Partners, L.P.*, 272 B.R. 554, 557 (D.Del.2002)). A number of these factors are present in this case.[10]

Debtor has no ongoing business nor does Debtor have cash or income. This is essentially a single asset case, with that asset being the Shadow Lane Property. Although Debtor identifies a potential claim against Forest Highlands, Debtor has not suggested that pursuit of that action is likely to occur or will be beneficial to the estate given the expense of pursuing a RICO action. The alleged claim against Forest Highlands is further support for the conclusion that this case is a two-party dispute, between Debtor and Forest Highlands. Furthermore, the petition was the second bankruptcy filing to stay a scheduled sheriff's sale by Forest Highlands.

With respect to the 2016 Case, Debtor did not demonstrate a good faith intent to proceed. To the extent the dismissal was the result of a mistake or misunderstanding, Debtor made no effort to seek reconsideration after the dismissal or to immediately file a new case to pursue a plan of

---

[10] To the extent a particular factor is lacking or inapplicable to these facts, it is insufficient to establish good faith.

reorganization or liquidation. Nonetheless, Debtor was able to obtain the benefit of the automatic stay to avoid the sheriff's sale prior to the dismissal of that case.

Debtor was motivated to seek bankruptcy protection for a second time on the eve of a rescheduled sheriff's sale. Once again, in this case, Debtor delayed filing the required documents and only complied when faced with a rule to show cause why the case should not be dismissed *with prejudice*. Since that time, Debtor has continued to be dilatory and non-compliant without excuse. For example, Debtor failed to file monthly operating reports. Despite the potential for serious consequences, Debtor failed to respond to the Motion to Dismiss and the Motion for Sanctions. Further, the Debtor failed to retain appropriate counsel despite the filing of the Motion to Dismiss on August 4, 2017, the issuance of the August 10th Order, and the discussion on the record at the hearing held on August 14, 2017. Debtor was given sufficient time to find counsel and file an appropriate application to employ counsel before the evidentiary hearing.

In addition to the foregoing factors indicating a lack of good faith, the Court questions the Debtor's identification of James as a creditor. The nature of this claim is suspect as there is no documentation or credible evidence in support of the claim. Furthermore, as an unsecured creditor, James would appear to have a significant interest in the numerous matters currently pending before the Court. When asked how creditors would be harmed by dismissal of this case, Attorney Joseph identified only James as he would not be able to obtain the cash he allegedly provided to the Debtor. However, James has not participated in this case, and perhaps most significantly, has not opposed the requests for dismissal.

An important inquiry in the good faith analysis is whether the petition was filed with a valid bankruptcy purpose. A petition serves a valid purpose when it preserves a going concern or maximizes the value of the bankruptcy estate. *See 15375 Memorial Corp.*, 589 F.3d at 619. Where

there is no going concern to preserve, a debtor must prove that liquidation under Chapter 11 maximizes value, specifically that the value would be lost outside of bankruptcy. *Id.* In this case, no credible evidence has been presented in favor of reorganization. With respect to liquidation, Debtor is allowing the equity in the Shadow Lane Property to erode. The value will continue to decrease as further taxes and community fees are incurred. Administrative expenses will accrue as Debtor awaits the outcome of the state court appeal before proposing any plan or seeking dismissal of this case. The Debtor clearly does not intend to take any immediate steps to sell the property as Attorney Joseph expects to reside there for an unknown amount of time for personal reasons. Although the Debtor has not explicitly ruled out the possibility of filing a plan at some point in time, based upon the record, confirmation of a plan in a reasonable time seems unlikely in this case.[11]

As opposed to a valid purpose, the Debtor appears to have filed the 2016 Case and this case primarily for the benefit of the automatic stay as Debtor failed to obtain a stay pending appeal in the state court. This conclusion is bolstered by Attorney Joseph's testimony, which contemplates a voluntary dismissal of this case regardless of the outcome of the appeal. Filing a bankruptcy case to obtain the protection of the automatic stay is not a valid purpose; rather, the stay is a benefit of a good faith filing. *See 15375 Memorial Corp.*, 589 F.3d. at 620.

Based on the totality of the circumstances, the facts weigh more heavily toward finding that Debtor's petition was not filed in good faith with a valid bankruptcy purpose. Debtor failed to meet its burden to establish good faith, and dismissal is appropriate. Although dismissals are

---

[11]   Cause for dismissal also exists if there is no reasonable likelihood of confirming a plan in a reasonable time. *See Commonwealth Renewable Energy*, 550 B.R. at 283. Here, as in *Commonwealth Renewable Energy*, it is clear that Debtor does not intend to move forward with a plan for an indefinite period of time until the appeal is concluded. Attorney Joseph's testimony confirmed this conclusion which provides further support for dismissal.

typically without prejudice, dismissal with prejudice can be ordered when cause exists. *See* 11 U.S.C. §349(a). Here, where good faith is lacking, sufficient cause exists for dismissal with prejudice. *See JER/Jameson*, 461 B.R. at 304. Further, a dismissal without prejudice is likely to result in the development of a pattern; that is, the filing of a third bankruptcy case days before a scheduled sheriff's sale to the detriment of Forest Highlands as equity in the Shadow Lane Property continues to erode. This two-party dispute is more appropriately resolved in state court. Accordingly, the Debtor will be barred from filing another bankruptcy case for 180 days.

In addition to dismissal with prejudice, Forest Highlands contends that sanctions should be levied against the Debtor and Attorney Joseph for the legal fees incurred by Forest Highlands as a result of the bankruptcy filing. Forest Highlands relies upon Fed.R.Bankr.P. 9011 in support of this request.

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]

*See* Fed.R.Bankr.P. 9011(b)(1). If a court determines that Rule 9011 has been violated, appropriate sanctions may be imposed. *See* Fed.R.Bankr.P. 9011(c). Notably, the sanction imposed "shall be limited to what is sufficient to deter repetition of such conduct…." *See* Fed.R.Bankr.P. 9011(c)(2). Here, the Court finds the imposition of an injunction on filing is sufficient to deter a subsequent bad faith filing. However, in the event that the Debtor files another petition in violation of this injunction, the Court will consider alternative, harsher sanctions, including the potential for an award of costs and attorney's fees to Forest Highlands. At this time, the Court declines to impose monetary sanctions.

Conclusion

This Court finds that sufficient grounds for dismissal exist as Debtor has failed to obtain disinterested, court-approved counsel and cannot proceed *pro se*. Furthermore, the case must be dismissed as the evidence supports a finding that the petition was not filed in good faith. Accordingly, dismissal with prejudice is appropriate, and Debtor shall not be permitted to file a bankruptcy petition for 180 days. No sanctions will be imposed at this time. An Order will be entered consistent with this Memorandum Opinion.

Dated: September 18, 2017

/s/ Carlota M. Böhm
Carlota M. Böhm
United States Bankruptcy Judge

**MAIL TO:**

Joseph S. Sisca, Esq. and Larry Wahlquist, Esq.

David M. Nernberg, Esq.

James H. Joseph, Esq.

FILED
9/18/17 11:13 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA